IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>LEVI MICHAEL BIERWILER,<br><br>Defendant/Movant. | Cause No. CR 15-53-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION, DENYING CERTIFICATE OF APPEALABILITY, AND REQUIRING UNITED STATES TO ORDER TRANSCRIPT |

This case comes before the Court on Defendant/Movant Bierwiler's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Bierwiler is a federal prisoner proceeding pro se.

On July 6, 2017, Bierwiler was advised that most of his allegations were conclusory or speculative in nature. He was permitted to supplement his § 2255 motion to explain what facts or arguments he believes counsel should have made. Order (Doc. 797) at 2. Bierwiler responded briefly on July 17, 2017. The Court will review the supplement along with the original motion.

In reviewing the motion, the Court has refreshed its memory by consulting the rough transcript of Bierwiler's sentencing hearing. Pursuant to 28 U.S.C. § 753(f), the United States will be required to order the transcript for the Court's file and for Bierwiler.

1

## I. Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

Bierwiler pled guilty to one count of conspiracy to distribute a substance containing a detectable amount of methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(a)(1). *See* Superseding Information (Doc. 58) at 1-2; Plea Agreement (Doc. 57) at 2 ¶ 2; Minutes (Doc. 60).

At sentencing, Bierwiler was held responsible for 49 grams of actual methamphetamine, corresponding to a base offense level of 28. *See* Presentence

2

Report ¶ 19; Statement of Reasons (Doc. 81) at 5. He received a three-level downward adjustment for acceptance of responsibility for a total offense level of 25. His criminal history category was III. *See* Presentence Report ¶ 46. The advisory guideline range was 70 to 87 months. *See id.* ¶ 100. Bierwiler was sentenced to serve 84 months in prison, to be followed by a three-year term of supervised release. *See* Judgment (Doc. 80) at 2-3; Minutes (Doc. 79).

Bierwiler did not appeal. His conviction became final on March 10, 2017. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). He timely filed his § 2255 motion on July 27, 2017. *See* 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

### III. Claims and Analysis

Bierwiler claims that counsel was ineffective in various respects. These claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Bierwiler must allege facts sufficient to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, *id.* at 687-88, and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different, *id.* at 694.

#### A. Contents of Presentence Report

Bierwiler asserts that counsel "failed to get stricken from my PSI all that the

3

Judge removed at sentencing." Mot. § 2255 (Doc. 87) at 4; Supp. (Doc. 90) at 1 ¶ 2. The Statement of Reasons (Doc. 81) is attached to the presentence report. It states that certain paragraphs are edited or redacted. A local rule requires the probation office to provide to the Bureau of Prisons "both the pre-sentencing version of the presentence report and any ruling, determinations, or changes made by the sentencing judge." D. Mont. L.R. CR 32.1(b) (Mar. 1, 2016).

Bierwiler's allegations meet neither prong of the *Strickland* test. This claim is denied.

### B. Property

Bierwiler contends that counsel failed to obtain the return of non-contraband property. *See* Mot. § 2255 at 4. Assuming that is true, it is not a reason to vacate, set aside, or correct Bierwiler's sentence. As relevant to the § 2255 motion, the claim is denied.

Bierwiler is, nonetheless, entitled to the return of any non-contraband property that was seized from him. By separate order, the United States is required to respond to the claim.

### C. Counsel's "Picture"

Bierwiler claims counsel "built a picture of a shorter sentence but chose to not put forth any argument in court." Mot. § 2255 at 4. In the supplement, he claims, "the only argument stated was based on dropping drug weight that DID

4

NOT even apply to my charge." Supp. at 1 ¶ 1.

Counsel did, in fact, put forth an argument in court. She argued that the margin of error in the laboratory analysis of the weight of actual methamphetamine should persuade the Court to impose a lower base offense level. *See* Def. Sentencing Mem. (Doc. 76) at 3-4. After the memorandum was filed, additional methamphetamine was attributed to Bierwiler. *See* Presentence Report ¶¶ 7, 11, 13. As the United States explained at sentencing, the presentence report originally included only Bierwiler's sales to Pair, who sold that meth in turn to the informant. But Bierwiler personally also made direct sales to the informant. There is no reason to suppose counsel could have avoided attribution of Bierwiler's direct sales. Regarding the "picture" counsel built, Bierwiler does not claim he was misadvised about the available or likely penalties or that he had any intention to go to trial. Neither prong of the *Strickland* test is met. This claim is denied.

## D. Pair's Sentence

Bierwiler claims that his sentence was based in part on Travis Pair's sentence. Pair was a co-conspirator. Bierwiler points out that Pair's sentence, which was lower than his own, included a felon-in-possession charge. *See* Mot. § 2255 (Doc. 87) at 7; Supp. (Doc. 90) at 1-2 ¶¶ 4, 6.

Bierwiler engaged in some drug transactions without Pair. *See* Presentence Report ¶¶ 7, 10 (last sentence), 11 (first sentence), 13. Consequently, Bierwiler

5

was accountable for 28.8 more grams of actual methamphetamine than Pair. Even with the gun charge, Pair's total offense level was lower than Bierwiler's. Because Pair's criminal history category was higher than Bierwiler's, their advisory guideline ranges were the same. Bierwiler received a longer sentence because the Court believed a longer sentence was warranted.

Bierwiler's sentence was not "based off of" Pair's sentence.[1] Bierwiler and Pair were each sentenced based on all the individual factors under 18 U.S.C. § 3553(a). In addition, the Court was well aware of Pair's case and did not require specific notice or argument from counsel. Neither prong of the *Strickland* test is met. This claim is denied.

### E. Omitted Facts

Bierwiler claims that his sentence was decided "with important facts left out." Mot. § 2255 at 7. Despite an opportunity to explain, he identifies no relevant fact of which the Court was unaware. Neither prong of the *Strickland* test is met. This claim is denied.

### F. Case Law

Bierwiler claims counsel "failed to bring up ANY case law that was both

---

[1] The presentence report states that the offense conduct section was based on investigative reports "and a Federal Presentence report on Travis Alan-Cody Pair." Presentence Report ¶ 6. This remark does not mean that Bierwiler's sentence depended on Pair's sentence. It means only that the writer of Bierwiler's report did not reinvent the wheel in summarizing the investigation. To the extent Bierwiler and Pair carried out particular transactions together, their offense conduct was the same.

sent and given to her to use as to a lower guide line sentence." Supp. at 1 ¶ 3. Again, despite an opportunity to do so, Bierwiler fails to describe what this case law said. Neither prong of the *Strickland* test is met. This claim is denied.

### G. "Sentencing Memorandum from a Case in Butte"

Bierwiler contends that counsel should have drawn the Court's attention to a sentencing memorandum filed in another case that was venued in the Butte Division. He does not give any hint as to what case this was. *See* Supp. at 1 ¶ 5.

So far as the Court can tell, seven sentencing memoranda were filed in Butte Division cases between December 1, 2016, and February 24, 2017. Several of these were not drug cases. One, *United States v. Barsness*, No. CR 16-15-BU-DLC, involved a charge of conspiring to distribute methamphetamine. The memorandum argued, in part, that drug quantity may not be a reliable index of the seriousness of an offense and that a variance from the base offense level may be appropriate in a particular case. *See* Mem. at 3-9, *Barsness*, No. CR 16-15-BU (D. Mont. filed Dec. 23, 2016).

Assuming, for the sake of argument, that *Barsness* is the case Bierwiler has in mind, there is no reasonable probability that Bierwiler's sentence would have been lower had counsel made the argument. Drug quantity might indeed be a poor proxy for the seriousness of an offense. But a sentencing court always considers that possibility by weighing all the factors under 18 U.S.C. § 3553(a). The Court

did so in this case. In addition, any competent counsel could see the *Barsness* argument in this or a similar light. Bierwiler's counsel addressed essentially the same point by arguing the sentencing factors under § 3553. *See* Sentencing Mem. (Doc. 76) at 4-11. There was nothing unreasonable about counsel's failure to replicate the *Barsness* argument in her memorandum.

If Bierwiler had some other case in mind, he could have described its argument. The Court will not search out other sentencing memoranda.

Neither prong of the *Strickland* test is met. This claim is denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Bierwiler's claims meets even the relatively low threshold required for a COA. Bierwiler is disappointed that he did not receive the same sentence as a

8

co-conspirator, Travis Pair. No doubt Bierwiler would not make this argument if he received a sentence less than Pair's. Bierwiler does not identify any respect in which counsel's performance was unreasonable nor any reasonable probability of a different outcome if counsel had done anything differently. Reasonable jurists would find no basis for encouraging further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the sentencing hearing held on February 24, 2017, is required to decide the issues presented by Bierwiler.

2. The United States shall immediately order that transcript for the Court's file. It must also order a copy and deliver it to Levi Michael Bierwiler, BOP # 13707-046, FCI Englewood, Federal Correctional Institution, 9595 West Quincy Avenue, Littleton, CO 80123.

3. Bierwiler's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 87, 90) is DENIED.

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Bierwilerfiles a Notice of Appeal.

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 17-97-BLG-SPW are terminated and shall close the civil file by entering

9

judgment in favor of the United States and against Bierwiler.

DATED this 22nd day of February, 2018.

*Susan P. Watters*
Susan P. Watters
United States District Court